UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FRANK DAVID RICHARDSON<br>On behalf of the estate and as the parent of<br>SAMUEL LASHARD LAWRENCE, decedent<br><br>Plaintiff<br><br>vs.<br><br>PATRICK LABAT,<br>TARANCE COOPER, and<br>STEPHANIE ST. SURIN,<br><br>All in their individual capacity,<br>Defendants. | CIVIL ACTION FILE NO.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff and files this Complaint for Damages against the above-captioned Defendants, all in their individual capacity, showing as follows:

**NATURE OF CLAIM**

1. Plaintiff brings this action against Defendants for violation of the rights of decedent Samuel Lashard Lawrence as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and Georgia's Wrongful Death Statute § 51-4-1 et. seq. Defendants were deliberately indifferent to Samuel Lashard Lawrence's safety when they moved a dangerous violent offender who just stabbed someone with a shank, into the jail cell of decedent Lawrence. Within hours of this fateful decision, the violent offender choked decedent Lawrence to death. Plaintiff seeks compensatory damages, special damages, general damages, and any and all other relief to which he is entitled by law, as is more fully described below.

## JURISDICTION AND VENUE

2. This action is brought before the court pursuant to 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution for the deprivation of decedent's constitutional rights under color of law. Accordingly, this Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff also asserts Georgia state law claims against Defendants that arise out of the same transaction or occurrence that serves as the basis for Plaintiff's claims that arise under federal law; therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is properly conferred upon this Court because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, it is the most convenient to the parties and to the witnesses, and it is where one or more of the Defendants are deemed to reside. 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff, Frank David Richardson, is a resident of Georgia and the father of decedent Samuel Lashard Lawrence. He submits to the jurisdiction and venue of this Court.

6. Defendant Patrick Labat is an individual who, upon information and belief, resides in the Northern District of Georgia. Defendant Labat is the Sheriff of Fulton County, Georgia sued herein in his individual capacity, and he is subject to the jurisdiction and venue of this Court.

7. Defendant Tarance Cooper is an individual who, upon information and belief, resides in the Northern District of Georgia. Defendant Cooper is sued in his individual capacity and he is subject to the jurisdiction and venue of this Court.

8.  Defendant Stephanie St. Surin is an individual who, upon information and belief, resides in the Northern District of Georgia. Defendant St. Surin is sued in her individual capacity and she is subject to the jurisdiction and venue of this Court.

## FACTUAL ALLEGATIONS

9.  Samuel Lashard Lawrence (hereinafter "Samuel Lawrence" or "decedent") was incarcerated in the Fulton County jail from December 26, 2022 until his death on August 26, 2023.

10. Throughout his incarceration, Samuel Lawrence was bullied and physically attacked by other inmates. These attacks were often gang related.

11. Samuel Lawrence repeatedly informed Detention Officers and Sergeants employed by Defendant Patrick Labat at the Fulton County jail that his life was in danger, that he was bullied, threatened, and attacked. He also repeatedly informed them throughout his incarceration that certain areas of the jail were dangerous for him because people wanting to injure him (often gang members) were in those areas.

12. Some examples follow:

   a) On or about January 13, 2023, Samuel Lawrence was attacked at the jail in 4 South Zone 300. He was hospitalized, teeth were knocked out, other teeth were dislocated, and there was a significant loss of blood visible to detention officers. Samuel Lawrence reported that during the attack, he was shown a shank. He reported that people in the area wanted to harm him, and that he used the threat that he was about to jump from a balcony area as a way to slow the attack. When he was removed from the area, the inmates that remained were punished with certain restrictions.

    b)    On or about May 12, 2023, Samuel Lawrence yelled to officers that he was attacked while in 4 North. He later filed a grievance stating that his ribs were injured in an attack, a deputy saw the whole thing and did nothing.

    c)    On or about June 14, 2023, Samuel Lawrence reported to officers that an inmate threatened to stab him. As a result, he refused to return to the area where the threat existed. Officers forcefully removed him from where he was located, and tazed him. Due to Samuel Lawrence's threat that he would harm himself if returned to the area, officers placed him in a new location on suicide watch. The immediate threat was averted since he was moved and placed on suicide watch.

    d)    On or about June 27, 2023, Samuel Lawrence jumped from a balcony to escape an attack.

    e)    On or about July 15, 2023, Samuel Lawrence was taken back to 4 North by officers, so he reported to the officers that he was previously attacked in that area. He threatened to jump from the balcony if he were not removed from that area.

    f)    On or about July 25, 2023, Samuel Lawrence was left bloody from being physically attacked in section 7 North.

13. From May 2023 until early August 2023, Samuel Lawrence filed over 30 grievances in which he complained of being physically attacked by inmates. In these grievances, he named numerous officers and accused them of orchestrating violence upon other inmates and himself, ignoring cries for help, and taking vindictive actions against him.

14. These grievances intensified in August 2023 prior to his death. During this time frame, he accused multiple deputies of intentionally placing inmates in harm's way.

15. One of the August 2023 grievances states:

> fulton county deputies are attempting to move me out of 3s500 out of spite because they dislike me for stating the fact's on them not abiding by the s.o.p. and protocol, and constantly violating inmates constitutional right's nd amendment's as well, if I was to b moved out of here it would be because there trying to see harm placed upon me…

16.     On August 12, 2023, Samuel Lawrence was seen by officers with a scratch under his eye and a bite mark on his shoulder, and clear signs that he had been physically attacked.  He reported to the officer that the inmate that attacked him was demanding compensation for something that he had given to Samuel Lawrence before attacking him over the compensation.  The other inmate confirmed that he approached Samuel Lawrence about owing him for something that he had given, but he denied attacking him.

17.     Samuel Lawrence was ordered to be moved for "14 days of lockdown", which means that he was to be moved to the isolation cells in the 7 South Zone 400 area.  He was moved to the lockdown area on August 12, 2023 at approximately 2:16pm.  The 14 days of lockdown expired on August 26, 2023 at approximately 2:16pm.

18.     On May 19, 2023, an inmate named Zayrious Shields participated in the stabbing of an inmate, and he also participated in a riot within the Fulton County jail.  Shields was later charged with Aggravated Assault and Riot in Penal Institution for the May 19, 2023 incident.

19.     During the evening of August 24, 2023 in 6 North Zone 200, Zayrious Shields stabbed another inmate in the chest.  He entered the cell of the inmate and "was observed [in video footage] exiting the inmate victim's… cell and holding a shank in his hand."  The video footage which confirmed that Zayrious Shields was guilty of the stabbing was observed on August 25, 2023.

20.     Defendant Stephanie St. Surin observed the stabbing victim bleeding and began addressing and investigating the stabbing.  At all times relevant hereto, Defendant Stephanie St. Surin was the floor officer arriving on the scene for the 7am to 7pm shift for 6 North.

21. According to the Jail Roster Correction Form prepared by Defendant Stephanie St. Surin on August 29, 2023, she ordered Zayrious Shields to be moved from 6 North Cell 209 to 7 South Zone 400. Upon information and belief, Defendant Stephanie St. Surin transported Zayrious Shields to 7 South Zone 400 to cell 408 where Samuel Lawrence was being housed.

22. On August 25, 2023, Defendant Tarance Cooper was assigned to 7 South as the floor officer. Tarance Cooper and Stephanie St. Surin were responsible for Zayrious Shields being placed into the cell with Samuel Lawrence despite both being in full knowledge that Zayrious Shields just stabbed another inmate, had a history of violence and gang activity, and Samuel Lawrence was being targeted by gang members. Alternatively, upon information and belief, Zayrious Shields may have entered the cell of Samuel Lawrence from another cell in 7 South 400 because the cell doors remained defective and Tarance Cooper failed to secure cell 408.

23. At all time relevant hereto, Defendant Patrick Labat was personally aware that a) inmates such as Samuel Lawrence were being held in 7 South 400 for disciplinary purposes beyond the prescribed time allotted to them to spend in the isolation cells, b) inmates with violent histories and gang affiliations were being housed with inmates being targeted by gangs and other inmates generally, c) inmates who committed acts of violence and having gang affiliations were being housed with inmates being disciplined in the isolation cells in 7 South 400, d) there was a substantial and extreme risk of harm coming to inmates housed in this manner, e) policies that he personally implemented allowed inmates to be housed in this manner, f) deputies housed dangerous inmates with gang affiliations with other inmates (including inmates being targeted by gangs) according to his policies and their own housing decisions, g) 7 South 400 did not have adequate staffing to monitor inmates interactions for safety purposes and reallocation of staff was necessary to monitor 7 South 400 because inmates involved in acts of violence within the jail were

housed there, h) inmates were able to open the doors of other inmates in 7 South 400 creating a risk of violence, g) there was only one officer monitoring 7 South which would prevent the officer from obtaining assistance to inmates suffering attack or medical danger, and h) that he remained deliberately indifferent to the continuation of these practices, staffing shortages, inadequate training of officers to monitor and prevent violence under these conditions, and his policies in this regard.

24. At all times relevant hereto, Defendants Tarance Cooper and Defendant Stephanie St. Surin caused 1) caused Zayrious Shields to be housed with Samuel Lawrence after Shields stabbed another inmate, 2) alternatively allowed Zayrious Shields to be housed in such a manner that he could enter the cell of Samuel Lawrence without being monitored, 3) failed to monitor the interactions of Zayrious Shields and Samuel Lawrence having knowledge of Zayrious Shields' acts of violence and gang affiliations and Samuel Lawrence being targeted by gangs, and 4) were deliberately indifferent to the safety of Samuel Lawrence in this regard.

25. As a direct and proximate result of the actions of Defendants Patrick Labat, Tarance Cooper, and Stephanie St. Surin stated above, Zayrious Shields strangled Samuel Lawrence to death and he received no immediate care, assistance, or medical treatment.

## COUNT I

## 42 U.S.C. §1983 EIGHTH AND FOURTEENTH AMENDMENT

## DELIBERATE INDIFFERENCE TO SAFETY AND

## CRUEL AND UNUSUAL PUNISHMENT

26. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 25 as if fully set forth herein.

27. At all times relevant hereto, Plaintiff had a clearly-established constitutional right under the Due Process Clause of the Fourteenth Amendment and Eighth Amendment right to be free from cruel and unusual punishment to be housed in a safe and monitored environment, and the failure to house him in a safe environment in a deliberately indifferent manner constitutes a violation of his Fourteenth Amendment rights and Eighth Amendment rights.

28. Defendant's actions as set forth in paragraphs 22-25 above establish that they were deliberately indifferent to Plaintiff's safety and to his need to monitored properly in case of immediate medical need. Plaintiff suffered physical harm and damages as a direct and proximate result thereof.

## COUNT II

## WRONGFUL DEATH

29. Plaintiff re-alleges and reincorporates the foregoing paragraphs 1 through 28 as if fully set forth herein.

30. At all times relevant hereto, Defendants owed a duty of care to Plaintiff that he be handled in a manner that would not deprive him of safety and access to emergency medical care when/if needed. Defendants breached the duty of care by their actions as outlined in paragraphs 22-25 above.

31. As a direct and proximate result of the Defendants' breaching their duty of care, the Plaintiff suffered harm and damages including being violently and painfully strangled and caused to die. These actions and omissions constitute a violation of Georgia wrongful death statute.

WHEREFORE, Plaintiff prays for a trial by jury, that summons issue, that judgment, costs, and fees be entered in his favor and against Defendants, and that the following relief be granted by the Court: a) That Plaintiff recover against Defendants in compensatory, special, and general

damages, in an amount to be determined at trial by the enlightened conscious of the jury; b) Grant such other and further relief that the Court deems just and proper.

/s/ Kenneth Muhammad
KENNETH MUHAMMAD
Georgia Bar Number 527907
10 Glenlake Parkway, Suite 130
Atlanta, Georgia 30328
800-910-5760
kenneth@lawofficekwm.com